**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

CIVIL ACTION NO. 07-8-C

JOHN A. DEEP,                                                                    PLAINTIFF,

V.                              <u>MEMORANDUM OPINION AND ORDER</u>

XAC, LLC, ET AL.,                                                        DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendants, XAC, LLC

f/k/a Amici, LLC ("Amici") and iDeal Applications, LLC ("iDeal"), to dismiss this

action for lack of personal jurisdiction (DE 6); the motion of all defendants to

dismiss for improper venue or to transfer (DE 6); the motion of Mintech

Development LLC ("Mintech") to intervene and for the court to retain jurisdiction

(DE 11); Mintech's motion for an electronic filing exemption (DE 17); and Mintech's

motion to amend its intervening complaint (DE 20).  The court, having reviewed the

record and being otherwise sufficiently advised, will transfer this action to the

United States District Court for the Northern District of New York.

**I. Factual Background**

The plaintiff, John A. Deep, brings this action against the defendants, Amici,

iDeal, and Xerox Corporation ("Xerox"), alleging claims for copyright infringement,

misappropriation of trade secrets, conversion, and unfair competition.  The plaintiff

is a resident of the state of New York.  Amici and iDeal are New York limited

liability companies with principal places of business in Albany, New York.  Xerox is a Connecticut corporation with its principal place of business in Stamford, Connecticut.  Mintech is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky.

The plaintiff, a software designer, allegedly created computer software that is used to manage documents efficiently and permits its users to communicate electronically.  He claims that, in 2002, representatives of Amici converted his software by physically removing it from his offices in Albany, New York and taking it to Amici's office in the same building.  According to the plaintiff, Amici then incorporated his programs into its own interactive website and software.

In July of 2006, Xerox purchased substantially all of the assets of Amici for approximately $174,000,000.  Following this transaction, both the plaintiff and Mintech communicated to Xerox's counsel their belief that Xerox's use of the assets it had purchased from Amici infringed on an exclusive license of the plaintiff's software that was allegedly held by Mintech.  According to the plaintiff, he granted Mintech this license on September 7, 2006.

The defendants also allege that, since 2002, the plaintiff has filed three bankruptcy actions and numerous other ancillary adversary proceedings in the Bankruptcy Court for the Northern District of New York.  The Bankruptcy Court approved the plaintiff's voluntary dismissal of the last of these actions on January 4, 2007, and he currently has no proceedings pending in the Northern District of

New York.

The plaintiff commenced this action on January 10, 2007.  On February 5, 2007, the defendants filed a declaratory judgment action in the United States District Court for the Northern District of New York seeking a declaration that they have not violated the plaintiff's copyrights and that he has no rights in the proceeds of the sale of Amici to Xerox; that action remains pending.

**II. Legal Analysis**

Amici and iDeal have moved to dismiss the plaintiff's claims against them on the ground that this court lacks personal jurisdiction over them.  Further, all of the defendants have moved to dismiss this action for improper venue or in the alternative to transfer it to the District Court for the Northern District of New York for adjudication.  Until recently, this court would have been required to address the jurisdictional arguments presented by Amici and iDeal before deciding the motion to transfer.  The United States Supreme Court recently held, however, that "a court need not resolve whether it has . . . personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is the more suitable arbiter of the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, __ U.S. __, 127 S. Ct. 1184, 1188 (2007).  Transfer, rather than dismissal, is appropriate when a sister federal court is the more convenient place for trial of the action. *Id.* at 1190-91 (citing 28 U.S.C. § 1404(a)).

Since Xerox did not join in Amici and iDeal's motion to dismiss for lack of

personal jurisdiction, the court must consider the defendants' venue arguments no matter how it decides the motion to dismiss because resolution of the jurisdictional issue cannot dispose of this action.  Xerox will remain as a defendant even if this court lacks personal jurisdiction over Amici and iDeal.  However, if the court were to grant the motion to transfer, this entire case would be transferred to the Northern District of New York, and Amici and iDeal's personal jurisdiction arguments would be mooted because both of those parties are New York residents. Thus, since the court's consideration of venue is inevitable, and its determination of personal jurisdiction is not, judicial economy favors deciding the motion to transfer before the motion to dismiss this action for lack of personal jurisdiction.[1]  In resolving the motion to transfer, however, the court will assume without deciding that it may properly exercise personal jurisdiction over Amici and iDeal.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

---

[1]Though the defendants have also moved to dismiss this case for lack of venue, the court finds that it need not fully resolve that argument before reaching the motion to transfer.  Pursuant to 28 U.S.C. § 1400, "suits . . . arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  For purposes of copyright litigation, venue is proper if in personam jurisdiction is proper. *Vasquez v. Torres Negron*, 434 F. Supp. 2d 199, 202 (S.D.N.Y. 2006).  Therefore, with regard to Xerox, which does not challenge this court's jurisdiction over it, venue in this court is appropriate pursuant to § 1400.  With regard to Amici and iDeal, determining whether venue is proper would be tantamount to deciding the motion to dismiss for lack of personal jurisdiction; thus, for the reasons stated in the main text, the court will decide the motion to transfer before considering the motion to dismiss for lack of venue as to Amici and iDeal.

any other district or division where it might have been brought."  The transfer

power is limited by the final clause of § 1404(a), which restricts transfer to those

federal districts in which the action "might have been brought."  *Van Dusen v.

Barrack*, 376 U.S. 612, 616 (1964) (citation omitted).  In this case, the defendants

represent to the court that they are all subject to the jurisdiction of the state of

New York, *see* DE 6, at 12 n.2, and, as the plaintiff's litigation history indicates, he

has no impediment that would prevent him from filing this case in the Northern

District of New York.  Thus, the court finds that this action "might have been

brought" in the Northern District of New York.

In ruling on a motion to transfer under § 1404(a), a district court should

consider the private interests of the parties, including their convenience and the

convenience of potential witnesses, as well as other public-interest concerns, such

as systematic integrity and fairness, which come under the rubric of "interests of

justice."  *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.

1991).  A careful weighing of these factors shows that transfer of this action to

the Northern District of New York is appropriate.

First, three of the parties to this action, including the plaintiff, are citizens of

New York; the fourth party, Xerox, is a corporate citizen of the neighboring state of

Connecticut.  Second, all of the plaintiff's claims in this action arise out of events –

including the alleged physical conversion of the plaintiff's software – that occurred

in New York.  Third, the sources of tangible and documentary proof are more likely

to be found in New York than in Kentucky since that is where the parties are located.  Fourth, most of the relevant witnesses reside in New York, including Edward Kear, a witness on whom the plaintiff relies heavily in his response brief. Finally, the New York courts are familiar with the parties and the issues in this litigation, and vice versa; the plaintiff has filed numerous motions and proceedings in the Bankruptcy Court for the Northern District of New York, and a declaratory judgment action filed by the defendants regarding the same issues involved in this suit is currently pending in the District Court there.

The only connection that this suit has with the state of Kentucky is Mintech's exclusive license for the use of the plaintiff's software.  However, the location of the plaintiff's licensee is relatively unimportant in this case because all of the *events* on which the plaintiff's claims are based occurred in New York. Thus, most of the documentary evidence and witnesses should be found in New York. While some evidence regarding the negotiation and validity of the license may be necessary, the court finds that this need is outweighed by this litigation's ties to New York.[2]

The plaintiff urges the court to defer to the principle that a plaintiff's choice of forum should be given substantial weight in the transfer decision under §

---

[2]Even if the court were to grant Mintech's motion to intervene and for the court to retain jurisdiction, the majority of the parties and witnesses would still be located in New York.  Thus, the pendency of this motion does not affect the court's conclusion that New York is a more convenient forum for this action than Kentucky.

1404(a). *See United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999). However, several courts have indicated that if a plaintiff chooses a forum that is not his residence, this choice is given less consideration. *Central States, S.E. & S.W. Areas Health & Welfare Fund v. Guar. Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010-11 (N.D. Ohio 1998) (citing cases). Though the plaintiff has licensed his software with a Kentucky-based company, it is undisputed that he resides in New York.

Moreover, the chain of events leading up to the filing of this action suggests that the plaintiff's commencement of this suit in Kentucky is an exercise in forum-shopping. On October 23, 2006, Amici commenced an adversary proceeding against the plaintiff and Mintech in the plaintiff's most recent bankruptcy case – an action under Chapter 13 of the Bankruptcy Code – in the Northern District of New York. Amici sought a declaratory judgment that the license issued by the plaintiff to Mintech was void and that Mintech had no rights in the bankruptcy estate; thus, this proceeding was substantially similar to the defendants' declaratory judgment action that is currently pending in New York.[3] Amici, however, voluntarily dismissed this proceeding when the plaintiff filed a motion for the Bankruptcy Court

---

[3]In light of this fact, the court refuses to credit the plaintiff's argument that the pendency of the defendants' current declaratory judgment action in New York is irrelevant in deciding this motion to transfer because the plaintiff's action was filed before that suit. This case involves similar issues to those raised in Amici's adversary proceeding; thus, although the plaintiff filed this case before the defendants commenced their declaratory judgment action, the issues underlying the claims before this court were presented in New York well before the plaintiff filed his case here.

to approve the sale of the license to Mintech.  On January 3, 2007, the Bankruptcy

Court granted a motion by the plaintiff to convert his Chapter 13 proceeding to one

under Chapter 11, but adjourned the plaintiff's motion to confirm the sale of the

license to Mintech until a bankruptcy trustee or other third party could examine the

substance of the transfer.  *See* Exhibit I to DE 6, at 31.  Following these decisions,

the plaintiff orally moved to dismiss his bankruptcy case.  *Id.* at 37-38.  The court

initially denied the plaintiff's motion on the record because it had already granted

his motion to convert to Chapter 11, and, unlike a Chapter 13 proceeding, Chapter

11 cases may not be dismissed on the debtor's own initiative.  *Id.* at 42-44.

However, the Bankruptcy Court later determined that the plaintiff's motion to

dismiss had preceded the conversion of his case and granted the motion the next

day.  *See* Exhibit K to DE 6.  The plaintiff filed the present action six days later.

Particularly when combined with the fact that Amici had already raised the

validity of the license granted to Mintech as an issue before the New York

bankruptcy judge, these events suggest that the plaintiff simply desires a fresh

start before this court.  In such a situation, no deference to the plaintiff's choice of

forum is warranted; indeed, federal courts have held that conduct like the plaintiff's

militates in favor of transfer.  *See Wireless Consumers Alliance, Inc. v. T-Mobile

USA, Inc.*, WL 22387598, at \*6 (N.D. Cal. Oct. 14, 2003) ("Dismissal, followed

by the reinstitution of a case to avoid a particular judge or precedent, is exactly the

kind of forum shopping anticipated and expressly prohibited by local rules of many

8

districts.").

In sum, the court finds that the convenience of the parties, witnesses, and the court system, and the interests of justice would be subserved by the transfer of this action to the Northern District of New York.  Accordingly,

**IT IS ORDERED** that the defendants' motion to transfer this matter to the United States District Court for the Northern District of New York (DE 6) is **GRANTED**.  The Clerk is directed to **TRANSFER** this file to the United States District Court for the Northern District of New York.

**IT IS FURTHERED ORDERED** that the motion of Amici and iDeal to dismiss for lack of personal jurisdiction is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that all remaining motions (DE 11, 17, 20) are **PASSED** to the Northern District of New York.

Signed on  May 2, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**

9